**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

FRANKLIN KINSEY,             )
                                 )
        Plaintiff,         )
                                 )
       v.            )     No. 1:22-CV-65 ACL
                                 )
SOUTHEAST CORRECTIONAL CENTER, )
et al.,                     )
                                 )
       Defendants.   )

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Franklin Kinsey[1] for leave to commence this civil action without prepayment of the required filing fee. ECF No. 9. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to submit a signed second amended complaint to cure her pleading deficiencies.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

---

[1] Plaintiff states she identifies as a trans-woman. ECF No. 1 at 3. The Court will, therefore, use the pronouns "she" and "her" when referring to plaintiff.

period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of her motion for leave to proceed *in forma pauperis*, plaintiff submitted an affidavit attesting the only funds she has are sourced from her stimulus check and "birthday money." ECF No. 9. She explains she did not file a certified inmate account statement because the institution refuses to provide her with a copy. *See* ECF No. 2 at 2. Therefore, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a copy of her inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, she must submit a copy of her inmate account statement in support of his claim.

<b>Legal Standard on Initial Review</b>

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On May 16, 2022, plaintiff filed a four-page letter directed to "whom it may concern." ECF No. 1. The letter alleged various Eighth Amendment violations and appeared to be an attempt by plaintiff to initiate a prisoner civil rights complaint under 42 U.S.C. § 1983. The letter was accompanied by a motion for appointment of counsel. ECF No 2.

On May 23, 2022, the Court reviewed the letter and explained to plaintiff that it was defective as a complaint commencing a civil case because it was not drafted on a Court-provided form as requited by Local Rule 2.06(A). ECF No. 4 at 1 ("All actions brought by self-represented plaintiffs . . . should be filed on Court-provided forms"). In consideration of plaintiff's self-represented status, the Court directed her to submit an amended complaint. Plaintiff was provided with the proper Court-form as well as detailed instructions on how to format and allege her claims. Plaintiff's request for counsel was denied, however, because "she ha[d] yet to submit a proper complaint on a Court-form identifying the specific defendants she wishe[d] to sue." *Id.* at 3.

**Amended Complaint**

On June 23, 2022, an amended complaint was filed in this action. The amendment was submitted on a Court-provided 'Prisoner Civil Rights Complaint' form pursuant to 42 U.S.C. § 1983. ECF No. 5. Seven defendants were listed in the caption: (1) C.O. I Effam; (2) C.O. I. Griffin; (3) Nurse Lizz; (4) Nurse Amy; (5) Nurse Trent; (6) Cpt. Stewart; and (7) C.O. II Koch. The form indicated an intent to sue the defendants in their official and individual capacities.

In the section designated to provide her statement of claim, plaintiff did not provide any allegations against the named defendants. Instead, a fellow inmate wrote the following, in part:

> To the Court, my name is Mr. Williamson, Lamont. I am a 43 year old prisoner with enough experience and legal (know) to aid other prisoners in civil litigation, yet I am not a lawyer . . . It is to my understanding, experience, and eyewitness account in b[e]ar[]ing witness to the clear fact that Ms. Kinsey does not have 'Neat(ly) print" to file her complaint . . . She has asked me to "file her complaint for her" but as I had explained to her "the visual bias/prejudice view of the Court" if I did do such a thing . . . It will be as that "my handwriting is in fact hers and the Court will bel[i]e[]ve that she does have the skills, education and experience to represent and litigate her cause of action." (when in fact she does not!) It'd be equal to fraud, plus the Court will never appoint counsel to aid and assist you [] to my capabilities!! Which is unfair to Ms. Kinsey because when I leave ad seg she will not have me to address issues[.]

4

*Id.* at 5-6. Mr. Williamson goes on to assert that plaintiff "does not know how to fill out" the Court-form and needs help to repeat the 8th Amendment violations that she noted in her original letter to the Court. Mr. Williamson then asks the Court to appoint her counsel. He also submits a "Declaration" in which he describes watching plaintiff fall down the stairs. *See* ECF No. 8.

Notably, plaintiff does *not* sign the portion of the form complaint designated to declare under penalty of perjury that the information provided is true. *See id.* at 13. Instead, plaintiff attaches a one-page document titled, "V[e]rification Notice" in which she states that she "did not have any partaking in the prepar[]ing[,] drafting[,] or writing" of the amended complaint "other than [to] explain and answer Mr. Williamson's questions about" her education, experience, awareness of staff members names, and financial information. *Id.* at 14.

Along with the amended complaint, plaintiff signed and filed a seven-page letter directed to "whom it may concern." ECF No. 7. The letter appears to be in Mr. Williamson's handwriting. She asserts she is "a seizure patient who[] has a[n] active medical lay-in for permanent bottom walk restriction." *Id.* at 1. She states "[s]taff was repeatedly told by designee ranking staff, nurses, and [her]self to not take [her] upstairs to the top walk (2nd tier). But custody staff members repeatedly refused to listen or adhere to the lay-in's instructions." *Id.* at 1-2. She alleges that on April 28, 2022, she was escorted to the second floor by defendant Effin despite her protests. Less than an hour later she was being escorted down the stairs by defendant Griffin when she felt weak, blacked out, and fell down the stairs. She was brought to medical, assessed by defendant nurses Amy, Trent, and Lizz, and directed to return to her cell. Plaintiff complains she was not seen by a doctor or prescribed pain medication, and was subsequently "dragged" back to her cell by defendants Stewart and Koch. Plaintiff states she was subsequently "josuled/yanked" by a non-defendant correctional officer, which caused her to seek medical attention. She was diagnosed with

5

a strained leg and tendon. Plaintiff claims defendant Nurse Amy was "unprofessional" in her "handling of the situation."

At the end of the letter, plaintiff states she seeks: (1) assistance with legal representation; (2) "help with letters to the Wardens here at SECC to them know" the Court is watching them; (3) a medical examination from an outside hospital; (4) her custody level dropped to a C-2 so she can participate in "mandatory program[m]ing for release;" and (5) $100,000 for a "contract settlement." *Id.* at 7.

## Discussion

The amended complaint in this matter is defective because plaintiff did not sign the section designated to declare under penalty of perjury that her allegations are true and correct. Rule 11(a) of the Federal Rules of Civil Procedure requires an unrepresented party to personally sign her pleadings, motions, and other papers, and requires courts to "strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Similarly, the local rules of this Court require self-represented parties to sign all of their filings. E.D. Mo. L.R. 2.01(A)(1).  The fact plaintiff signed a separate document titled, "V[e]rification Notice," stating she did *not* partake in the preparing, drafting, or writing of the amended complaint does not except her from the requirement of the local rule. While federal law authorizes plaintiff to plead and conduct her own case personally, 28 U.S.C. § 1654, a non-attorney fellow inmate may not represent her in federal court. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986). Only attorneys can file papers on a party's behalf. 28 U.S.C. § 1654; Fed. R. Civ. P. 11.

Mr. Williamson's assertion that plaintiff is unable to file her own amended complaint because she cannot "neatly print" is contradicted by her May 11, 2022 letter which she signed and sent to the Court. *See* ECF No. 1. The four-page letter is legible and in complete sentences. Mr.

Williamson further contends that plaintiff "does not know how to fill out [the] Court Approved form." However, plaintiff has made no effort to attempt to complete the form on her own. The 'Prisoner Civil Rights Complaint' form is specifically designed for self-represented litigants, seeks minimal information, and requires no special legal education or experience. Each section of the form clearly indicates what information is needed, including a list of the defendants she wishes to sue and "a short and plain statement of the facts that support [her] claim(s)" against each defendant. As indicated by the form, it is not necessary for plaintiff to make legal arguments or to cite cases or statutes. Additionally, on May 23, 2022, the Court provided plaintiff with clear and explicit instructions on how to allege a claim against each defendant.

Based on the foregoing, plaintiff is advised that if she wishes to proceed with this civil action, she must prepare, sign, and file her own complaint. The Court will restate the previous instructions, and permit plaintiff another opportunity to file an amended complaint.

### Instructions for Filing a Second Amended Complaint

The Court warns that the filing of a second amended complaint replaces the original and amended complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to her. At minimum, the seconded amended complaint must be legible. **Plaintiff must sign and date the form complaint if she wishes to proceed with this action.**

**In the "Caption" section of the complaint, plaintiff must state the first and last name, to the extent she knows it, of each defendant she wishes to sue.** *See* Fed. R. Civ. P. 10(a) ("The

7

title of the complaint must name all the parties"). Plaintiff must *avoid* naming anyone as a defendant unless that person is directly related to her claim. Plaintiff must also specify whether she intends to sue each defendant in his or her individual capacity, official capacity, or both.

**In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support her claim or claims against that defendant.** *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state her claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). **For example, plaintiff should write the name of the first defendant and in numbered paragraphs under that name state how that specific defendant violated her constitutional rights. Plaintiff should repeat this format for every named defendant.** Plaintiff should *not* include any introductory paragraphs.

If plaintiff names a single defendant, she may set forth as many claims as she has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, she must only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences.

**It is important that plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming her.** *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing

party fair notice of the nature and basis or grounds for a claim"). The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

**Plaintiff is not permitted to amend her complaint by filing separate documents or letters to the Court.** The Court does not accept amendments by interlineation or through supplements. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008). Instead, she must file a single, comprehensive pleading that sets forth her claims for relief. For example, it is *not* appropriate for plaintiff to file her second amended complaint on a Court form and attach a supplemental letter to the Court and a declaration from a fellow inmate. The only additional pages she should submit must be directly related to the form complaint. For example, if she needs additional pages to provide her 'Statement of Claim' or list the defendants she wishes to sue.

### Second Motion for Appointment of Counsel

Lastly, plaintiff has filed a second motion for appointment of counsel. ECF No. 6. Plaintiff's request will be denied at this time. Plaintiff's claims have not been reviewed by this Court or survived frivolity review as she has yet to properly submit a signed complaint with a statement of claim in compliance with the Federal Rules of Civil Procedure and Local Rules of this Court. Thus, counsel is simply not warranted at this time. Plaintiff may move for counsel at a later time, if it appears that counsel is warranted if this case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within thirty (30) days of the date of this order. Plaintiff is instructed to make her remittance payable to "Clerk, United States District Court," and to include upon it: (1) her name; (2) her prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint on the Court-provided form within **thirty (30) days** of the date of this Order. Plaintiff is advised that her amended complaint will take the place of her original and amended filings and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that plaintiff's second motion for appointment of counsel [ECF No. 6] is **DENIED** at this time without prejudice.

**IT IS FINALLY ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 19th day of July, 2022.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE