# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| FRANKLIN KINSEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:22-CV-65 ACL |
| SOUTHEAST CORRECTIONAL CENTER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the second amended complaint filed by self-represented plaintiff Franklin Kinsey.[1] ECF No. 13. For the reasons discussed below, the Court will provide plaintiff with one final opportunity to amend her complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

---

[1] Plaintiff states she identifies as a trans-woman. ECF No. 1 at 3. The Court will, therefore, use the pronouns "she" and "her" when referring to plaintiff.

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint and First Amended Complaint

On May 16, 2022, plaintiff filed a four-page letter directed to "whom it may concern." ECF No. 1. The letter alleged various Eighth Amendment violations and appeared to be an attempt by plaintiff to initiate a prisoner civil rights complaint under 42 U.S.C. § 1983. The letter was accompanied by a motion for appointment of counsel. ECF No 2.

On May 23, 2022, the Court reviewed the letter and explained to plaintiff that it was defective as a complaint commencing a civil case because it was not drafted on a Court-provided form as required by Local Rule 2.06(A). ECF No. 4 at 1 ("All actions brought by self-represented plaintiffs . . . should be filed on Court-provided forms"). In consideration of plaintiff's self-

represented status, the Court directed her to submit an amended complaint. Plaintiff was provided with the proper Court-form as well as detailed instructions on how to format and allege her claims. Plaintiff's request for counsel was denied, in part, because "she ha[d] yet to submit a proper complaint on a Court-form identifying the specific defendants she wishe[d] to sue." *Id.* at 3.

On June 23, 2022, plaintiff filed her amended complaint. The amendment was submitted on a Court-provided 'Prisoner Civil Rights Complaint' form pursuant to 42 U.S.C. § 1983. ECF No. 5. Seven defendants were listed in the caption: (1) C.O. I Effam; (2) C.O. I. Griffin; (3) Nurse Lizz; (4) Nurse Amy; (5) Nurse Trent; (6) Cpt. Stewart; and (7) C.O. II Koch. The form indicated an intent to sue all defendants in both their official and individual capacities.

In the section designated to provide her statement of claim, plaintiff did not provide any allegations against the named defendants. Instead, a fellow inmate, Mr. Lamont Williamson, wrote a message to the Court asking that plaintiff be appointed counsel because she does not have the "skills, education, and experience to represent and litigate her case." *Id.* at 5-6. Mr. Williamson also attached a "Declaration" and letter to the Court, in which he described an incident in which plaintiff fell down the stairs. *See* ECF No. 8. Plaintiff did not sign the portion of the form complaint designated to declare under penalty of perjury that the information provided was true. *See id.* at 13. To the contrary, plaintiff attached a one-page document titled, "V[e]rification Notice," claiming she "did not have any partaking in the prepar[]ing[,] drafting[,] or writing" of the amended complaint "other than [to] explain and answer Mr. Williamson's questions about" her education, experience, awareness of staff members names, and financial information. *Id.* at 14.

On July 19, 2022, the Court reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915. ECF No. 10. The Court determined the amendment was defective because plaintiff did not sign the section designated to declare under penalty of perjury that her allegations were true and

3

correct. *Id.* at 6 (citing Fed. R. Civ. P. 11(a) and E.D. Mo. L.R. 2.01(A)(1)). The Court found the attached "V[e]rification Notice" especially concerning because plaintiff stated she did not participate in preparing, drafting, or writing the amended complaint. *Id.* Consequently, plaintiff was directed to submit a second amended complaint with her signature. Her request for appointment of counsel was again denied without prejudice because she had "yet to properly submit a signed complaint with a statement of claim in compliance with the Federal Rules of Civil Procedure and Local Rules of this Court." *Id.* at 9.

### Third Motion for Appointment of Counsel

On July 29, 2022, Mr. Williamson submitted a ten-page letter addressed to the "Administrator of the Court." ECF No. 11. He states he has a high school education, experience filing § 1983 complaints, and understands the Federal Rules of Civil Procedure and this Court's Local Rules. He asserts his opinion that this Court has unfairly denied plaintiff's requests for appointment of counsel due to her lack of education. He also takes issue with the Court's July 19, 2022 Order directing plaintiff to file a second amended complaint.

Plaintiff subsequently submitted a signed third motion for appointment of counsel, which states:

> Your Honor I hope I did this right. Sorry for my handwriting and also I apologize for utilizing help like I am aloud [sic] to do! Mr. Williams drafted all document[s] even the first! [H]e wrote Court Admin[i]strat[o]r and sent all responses! He has been let out [of] the hole and I now am in dire need for help. . . . I am asking again for appointment of counsel.

ECF No. 12.

The Court will strike Mr. Williamson's letter as a frivolous filing. "An inmate may not appear as counsel or file pleadings in another inmate's case, and no agreement between inmates for legal assistance will be enforced by this court." *Moody v. Cory*, 2010 WL 147268, at *2 (D.

4

Kan. Jan. 11, 2010). Plaintiff is warned that a non-attorney (like Mr. Williamson) may *not* represent someone else in federal court, which includes filing papers on behalf of a self-represented litigant. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("because *pro se* means to appear for one's self, a person may not appear on another's behalf in the other's cause. A person must be litigating an interest personal to him."); *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (non-lawyers may only represent themselves because "an individual may appear in the federal courts only *pro se* or through counsel"). As such, it is entirely inappropriate for Mr. Williamson, or any other non-attorney inmate, to file letters, motions, memoranda, or any correspondence in this case on plaintiff's behalf.

Additionally, the Court will deny plaintiff's third request for counsel for the same reasons it has denied the first and second motions. *See* ECF Nos. 4 and 10. Plaintiff has yet to assert allegations that pass initial review. Moreover, the factual and legal issues presented in her original, first, and second complaints are not complex. If this case passes initial review, the factual and legal determinations in this action will relate to plaintiff's fall from the stairs and whether there was deliberate indifference to plaintiff's serious medical needs. The Court does not anticipate that further investigation into these facts, outside of normal discovery, would be necessary for plaintiff to present her case.

**Second Amended Complaint**

On August 8, 2022, plaintiff filed her second amended complaint, which is properly signed and dated. ECF No. 13. She names the same seven defendants: (1) C.O. I Effam; (2) C.O. I. Griffin; (3) Nurse Lizz; (4) Nurse Amy; (5) Nurse Trent; (6) Cpt. Stewart; and (7) C.O. II Koch. She

indicates she is suing Effan and Griffin in their official capacities only, and is silent as to the remaining defendants. Plaintiff asserts all defendants work at the Southeast Correctional Center in Charleston, Missouri and are employees of the Missouri Department of Corrections.

Plaintiff alleges that on April 28, 2022 she fell down the stairs. After the fall, she states she was unable to walk and was taken to medical on a backboard. Plaintiff alleges she had a bottom walk restriction due to seizures, but defendant Effam failed to "adhere to [her] warnings of [her] medical lay-ins." Plaintiff further asserts that defendant Nurses Lizz, Amy, and Trent "failed to properly assist [her] medically," and defendants Koch and Stewart "drag[ged] [her] back to 2 house (her cell)." After receiving an X-ray, she was told she "had a bruised/swollen tend[o]n and was giv[e]n a wheelchair and a[n] ace wrap."

For relief, plaintiff seeks transfer to a separate institution and damages in the amount of one million dollars for physical and psychological pain.

## Discussion

### A. Official Capacity Claims

Plaintiff indicates she is suing two of the defendants in their official capacities only.  She is silent as to whether she brings this action against the remaining five defendants in their official capacity, individual capacity, or both. When a plaintiff does not specify whether a defendant is being sued in his personal or official capacity, the court interprets the complaint as including only official capacity claims. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). This pleading requirement is strictly enforced by the Eighth Circuit. *See Murphy v. Arkansas*, 127 F.3d 750, 755 (8th Cir. 1997). Thus, the Court will interpret the instant complaint as stating only official capacity claims against all seven defendants.

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (internal citation omitted). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Here, defendants are all employees at SECC which is a Missouri Department of Corrections ("MDOC") facility and state agency. Naming a state official in his or her official capacity is the equivalent of naming the government entity that employs the official – the State itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71.

In addition, in the absence of a waiver, the Eleventh Amendment bars a § 1983 suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998); *see also Andrus ex rel. Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment."). "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court."); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court."); *Egerdahl v. Hibbing Cmty.*

*Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." (Internal quotation and citation omitted)).

Thus, plaintiff's claims against defendants in their official capacities are subject to dismissal.

### B. Individual Capacity

As discussed above, plaintiff has not brought this action against defendants in their individual capacities. Consequently, the Court will not review plaintiff's complaint under 28 U.S.C. § 1915 as to whether it can survive initial review against the named defendants in their individual capacities. However, in consideration of plaintiff's self-represented status and the severity of the allegations, the Court will permit her to file a final third amended complaint. ***If plaintiff fails to sue defendants in their individual capacities, this action will be dismissed after this Court's review of her third amended complaint***.

If plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the amended complaint, and must allege facts connecting the defendant to the challenged action. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). "It is not enough to allege that [a] 'defendant[ ]' refused to treat his injuries. A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016). For example, plaintiff generally alleges Nurses Lizz, Amy, and Trent "failed to properly assist [her] medically," but she does not allege the specific treatment she needed and how they denied her.

8

### C. Request for Transfer to another Institution

Lastly, plaintiff's request for transfer to another institution is unavailable relief in this matter, even if her underlying claims were otherwise meritorious. *See e.g.*, *Morgan v. Francis*, 2022 WL 2354950, at *4 (E.D. Mo. June 30, 2022) ("Plaintiff has no constitutional liberty interest in being transferred to a different prison facility."). Prisoners have no liberty interest in assignment to any particular prison. *Moorman v. Thalacker,* 83 F.3d 970, 973 (8th Cir. 1996) (citing *Meachum v. Fano,* 427 U.S. 215, 224 (1976)). Transfers to another prison are entirely within the discretion of prison officials, *Lyon v. Farrier,* 727 F.2d 766, 768 (8th Cir.1984), and prisoners have no justifiable expectation that they will be incarcerated in any particular prison within a state. *Olim v. Wakinekona,* 461 U.S. 238, 245 (1983); *Murphy v. Missouri Dept. of Correction,* 769 F.2d 502, 503 (8th Cir.1985). Any protected interest plaintiff might have in being incarcerated in a particular state prison would have to be created by state law. *See Hewitt v. Helms,* 459 U.S. 460, 469 (1983). Plaintiff has failed to allege the existence of such a law.

### Instructions on Amending the Complaint

Plaintiff is advised that the filing of a third amended complaint completely replaces the previous complaints, so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Any claims from any other complaints or supplements that are not included in the second amended complaint will be deemed abandoned and will not be considered. *Id.* Plaintiff must type or neatly print the third amended complaint on the Court-provided prisoner civil rights complaint form, and the third amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

9

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Plaintiff is required to set out her alleged claims in a simple, concise, and direct manner, and also the facts supporting her claims as to each named defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, plaintiff must state the first and last name, to the extent she knows it, of the defendant or defendants she wants to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). **Plaintiff must indicate whether she intends to sue each defendant in his or her individual capacity, official capacity, or both.** Plaintiff is permitted to attach additional pages, if necessary, to list each defendant named in the Caption and specify: (1) the person's job title; and (2) in what capacity/capacities the person is being sued. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to her claim(s).

**In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write the <u>specific facts supporting her claim or claims against that defendant</u>. If plaintiff is suing more than one defendant, she should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the**

**factual allegations supporting her claim or claims against that defendant.** Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as she has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

**If Plaintiff is suing a defendant in an individual capacity, she is required to allege facts demonstrating the personal responsibility of the defendant for harming her.** *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

If plaintiff fails to file a third amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the letter filed in this action by non-plaintiff Lamont Williamson [ECF No. 11] is **STRICKEN** from the record as a frivolous filing.

**IT IS FURTHER ORDERED** that plaintiff's third motion for appointment of counsel [ECF No. 12] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff shall file a third amended complaint on the Court-provided form within **thirty (30) days** after the date of this Order, that is not later than <u>**October 19, 2022**</u>. Plaintiff is advised that her filing will take the place of her original and amended filings and will be the only pleading that this Court will review.

**IT IS FINALLY ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 19th day of September, 2022.

                                                <u>s/*Abbie Crites-Leoni*</u>
                                                ABBIE CRITES-LEONI
                                                UNITED STATES MAGISTRATE JUDGE