UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| FRANKLIN KINSEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SOUTHEAST CORRECTIONAL CENTER, )<br>et al., )<br>)<br>Defendants. ) | No. 1:22-CV-65 ACL |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the third amended complaint filed by self-represented plaintiff Franklin Kinsey.[1] ECF No. 15. For the reasons discussed below, the Court will issue process on plaintiff's individual capacity claims against defendants Unknown Effan, Unknown Griffin, Captain Unknown Stewart, and Unknown Koch. The remaining claims against defendant Nurses Lizz Unknown, Amy Maxwell, and Trent Unknown will be dismissed. Additionally, plaintiff's fourth request for counsel will be denied at this time.

## Background

On May 16, 2022, plaintiff filed a four-page letter directed to "whom it may concern." ECF No. 1. The letter alleged various Eighth Amendment violations and appeared to be an attempt by plaintiff to initiate a prisoner civil rights complaint under 42 U.S.C. § 1983. The letter was accompanied by a motion for appointment of counsel. ECF No 2.

On May 23, 2022, the Court reviewed the letter and explained to plaintiff that it was defective as a complaint commencing a civil case because it was not drafted on a Court-provided

---

[1] Plaintiff states she identifies as a trans-woman. ECF No. 1 at 3. The Court will, therefore, use the pronouns "she" and "her" when referring to plaintiff.

form as required by Local Rule 2.06(A). ECF No. 4 at 1. In consideration of plaintiff's self-represented status, the Court directed her to submit an amended complaint. Plaintiff was provided with the proper Court form as well as detailed instructions on how to format and allege her claims. Plaintiff's request for counsel was denied, in part, because "she ha[d] yet to submit a proper complaint on a Court-form identifying the specific defendants she wishe[d] to sue." *Id.* at 3.

On June 23, 2022, plaintiff filed her amended complaint. The amendment was submitted on a Court-provided 'Prisoner Civil Rights Complaint' form pursuant to 42 U.S.C. § 1983 against seven defendants in their official and individual capacities. ECF No. 5. In the section designated to provide her statement of claim, plaintiff did not provide any allegations against the named defendants. Instead, a fellow inmate, Mr. Lamont Williamson, wrote a message to the Court asking that plaintiff be appointed counsel. *Id.* at 5-6. Plaintiff did not sign the portion of the complaint designated to declare under penalty of perjury that the information provided was true. *See id.* at 13. To the contrary, plaintiff attached a one-page document titled, "V[e]rification Notice," claiming she "did not have any partaking in the prepar[]ing[,] drafting[,] or writing" of the amended complaint "other than [to] explain and answer Mr. Williamson's questions" about her education, experience, awareness of staff members names, and financial information. *Id.* at 14.

On July 19, 2022, the Court reviewed the amended complaint pursuant to 28 U.S.C. § 1915. ECF No. 10. The Court determined the amendment was defective because plaintiff did not sign the section designated to declare under penalty of perjury that her allegations were true and correct. *Id.* at 6 (citing Fed. R. Civ. P. 11(a) and E.D. Mo. L.R. 2.01(A)(1)). The Court found the attached "V[e]rification Notice" especially concerning because plaintiff stated she did not participate in preparing, drafting, or writing the amended complaint. *Id.* Consequently, plaintiff was directed to

submit a second amended complaint with her signature. Plaintiff submitted two additional motions for appointment counsel, which were both denied.

On August 8, 2022, plaintiff filed a signed and dated second amended complaint against seven employees of the Missouri Department of Corrections: (1) C.O. I Effan; (2) C.O. I. Griffin; (3) Nurse Lizz; (4) Nurse Amy Maxwell; (5) Nurse Trent; (6) Cpt. Stewart; and (7) C.O. II Koch. ECF No. 13. She indicated she was suing Effan and Griffin in their official capacities only. She did not specify what capacity she intended to sue the remaining defendants. She alleged she fell down the stairs on April 28, 2022 and was transported to medical on a backboard. Plaintiff claimed she had a bottom walk restriction due to seizures, but Effan failed to "adhere to [her] warnings of [her] medical lay-ins." Plaintiff further asserted that Nurses Lizz, Amy, and Trent "failed to properly assist [her] medically," and Koch and Stewart "drag[ged] [her] back to 2 house (her cell)." After receiving an X-ray, she was told she "had a bruised/swollen tend[o]n and was giv[e]n a wheelchair and a[n] ace wrap." For relief, plaintiff sought transfer to a different institution and monetary damages.

On September 19, 2022, the Court reviewed plaintiff's second amended complaint and found it subject to dismissal. ECF No. 14. The Court explained that her official capacity claims against defendants were actually against their public employer, the Missouri Department of Corrections, which was not considered to be a suable "person" under § 1983. *See id.* at 7-8. Although plaintiff did not sue defendants in their individual capacities, the Court provided plaintiff with one final opportunity to amend her complaint. *Id.* at 8.

## Third Amended Complaint

On September 30, 2022, plaintiff filed her third amended complaint against the same seven defendants. ECF No. 15. She indicates she is suing them in their individual capacities only. At all relevant times, plaintiff was an inmate housed at the Southeast Correctional Center ("SECC").

Plaintiff claims she suffers from epilepsy. *Id.* at 5. Plaintiff alleges that on April 28, 2022 she was escorted to the "top walk shower against [her] medical lay-ins even after telling. . . Effan about [her] medical lay-ins (no high places, no use of ladders, and requires lower floor)." *Id.* at 4. After her shower, defendant Griffin attempted to escort plaintiff back to her cell. *Id.* Plaintiff allegedly told Griffin "as he was cuffing [her] up that [she] was f[ee]ling weak and dizzy and he continued to take [her] down the stairs." *Id.* Plaintiff asserts Griffin knew she was not to be on the second floor. *Id.* at 5. Plaintiff claims she blacked out, fell down the steps, and was taken to "medical ER." *Id.* at 4.

Plaintiff alleges "Def[]end[a]nts #3, 4, 5 assessed [her] poorly" by only taking her blood pressure and temperature, and cleared her after saying, "we don't see any deformities." *Id.* Plaintiff claims the three nurses should have given her a neck brace and checked for injuries, and that their failure to do so was "prejudice, bias, and d[i]scrim[i]nating." *Id.* After the evaluation, plaintiff asserts Koch and Stewart directed her to walk, which she could not do. *Id.* She was then "drug by defendants 6, 7 [Koch and Stewart] from 1 house medical ER bed to 2 A Wing." *Id.* at 5-6. Plaintiff asserts she received an X-ray on May 2, 2022 for her leg and was issued a wheelchair and ace wrap due to injuries sustained from the fall.

Attached to her third amended complaint are the grievances she filed with the SECC, responses from the SECC, and medical lay-in documentation. ECF No. 15-1. Her medical lay-in

indicates a start date of October 7, 2021 and an end date of October 7, 2022. *Id.* at 9-10. The restrictions include, "no high places or use of ladders" and "requires lower floor." *Id.*

For relief, plaintiff seeks "$10,000 a piece f[rom] defendants #1, #2, #3, #4 and #5 and $20,000 a piece f[rom] defendants #6 and #7" in punitive damages.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must

5

allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Discussion

### A. Individual Capacity Claims against Defendants Effan and Griffin

Plaintiff alleges she suffers from epilepsy and has a medical lay-in restricting her to remain on the lower floor. Plaintiff attached the medical lay-in documentation to her third amended complaint, which appears to have been in effect on the date of her injury. Plaintiff asserts defendants Effan and Griffin were informed of the lay-in, but both required her to ascend and descend stairs to use a second floor shower facility. Plaintiff alleges she subsequently fell down the stairs and injured herself.

For purposes of preservice review, the Court must accept as true all of plaintiff's factual allegations and afford her "all reasonable inferences that can be drawn from those allegations." *See Jackson v. Nixon*, 747 F.3d 537, 540-41 (8th Cir. 2014); *Dadd v. Anoka Cty.*, 827 F.3d 749, 754 (8th Cir. 2016). With that in mind, plaintiff's claims against Effan and Griffin is sufficient for purposes of § 1915 review. *See e.g.*, *McKinzie v. MDOC, et al.*, Case No. 4:09-CV-627-FRB (E.D. Mo. May 20, 2009) (allegation that plaintiff was forced to use an upper floor despite a medical lay-in limiting plaintiff to the bottom floor survives initial review when injury occurs due to officer non-compliance). Accordingly, the Clerk of Court will be directed to serve process upon defendants Effan and Griffin in their individual capacity.

## B. Individual Capacity Claims against Defendant Nurses Lizz, Amy, and Trent

Plaintiff contends defendant Nurses Lizz, Amy, and Trent failed to provide her with adequate medical care for the injuries she sustained after falling down the stairs. Specifically, plaintiff alleges they "poorly" assessed her condition by only taking her blood pressure and temperature. She disagrees with their determination that she did not have any "deformities" and argues she should not have been medically cleared. Plaintiff further claims they should have given her a neck brace and that their failure to check for injuries was "prejudice, bias, and d[i]scrim[i]nating." The following week plaintiff asserts she underwent an X-ray exam and was subsequently given an ace bandage and wheelchair.

The Eighth Amendment requires inmates to be provided with adequate medical care. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). To establish a denial of medical care rises to the level of an Eighth Amendment violation, an inmate must show a defendant acted with deliberate indifference. *Id.* The test for deliberate indifference consists of two prongs. *Id.* First, an inmate must show that she "suffered from an objectively serious medical need." *Id.* Second, an inmate must show that the defendant knew of and deliberately disregarded that need. *Id.*

Deliberate disregard is a mental state "equivalent to criminal-law recklessness, which is 'more blameworthy than negligence,' yet less blameworthy than purposely causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Id.* at 914-15 (quoting *Farmer v. Brennan*, 511 U.S. 825, 835, 839–40 (1994)). Showing medical malpractice is not enough: "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Instead, an inmate must show that the provider disregarded "a known risk to the inmate's health." *Gordon ex rel. Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006). Moreover, "[i]t is not

7

enough to allege that [a] 'defendant[ ]' refused to treat his injuries. A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016).

Here, plaintiff generally disagrees with the manner in which Nurses Lizz, Amy, and Trent assessed her injuries. Plaintiff asserts they should have done more than take her blood pressure and temperature, such as provide her with a neck brace, and erroneously gave her a medical clearance. Such allegations, at most, establishes that the defendant nurses committed medical malpractice or negligence, which is not enough to state a constitutional claim.

Plaintiff admits she was evaluated immediately after the fall and subsequently received radiological testing and a wheelchair. Although she believes she should have received different treatment, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions as it is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, 1997 WL 160322, at *2 (6th Cir. 1997) (unpublished opinion). *See also Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008) ("[M]ere disagreement with treatment decisions does not rise to the level of a constitutional violation."); *Estelle*, 429 U.S. at 106 (medical malpractice does not amount to a claim of constitutional dimension "merely because the victim is a prisoner").

While inmates have a right to adequate medical care, they have no "right to receive a particular or requested course of treatment." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Treating providers are free to exercise their independent medical judgment and a "prisoner's mere difference of opinion over matters of expert medical judgment or a course of

medical treatment fail[s] to rise to the level of a constitutional violation." *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1118-19 (8th Cir. 2007) (alteration in original) (citation omitted).

Thus, liberally construing the complaint, plaintiff's allegations against the defendant nurses in their individual capacities will be dismissed pursuant to § 1915(e)(2)(B) for failure to state a claim.

### C. Individual Capacity Claims against Defendants Stewart and Koch

Plaintiff alleges after she was injured from the fall defendants Stewart and Koch "drug[] [her] across SECC campus from 1 house medical to 2 house A Wing bench." ECF No. 15 at 6. The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992). *See also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment"). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). *See also Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016) ("Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, *i.e.*, they are using it maliciously and sadistically"). The factors to be considered in determining whether force was used in good faith include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Taking plaintiff's allegations as true, they permit the inference that the amount of force Stewart and Koch used in transporting an inmate who claimed to be injured and in pain was

9

unreasonable in relation to the force required. *See e.g.*, *Jones v. Hobbs*, 2013 WL 978979, at *2 (E.D. Ark. Feb. 19, 2013), *report and recommendation adopted*, 2013 WL 978952 (E.D. Ark. Mar. 12, 2013) ("*for screening purposes only* . . . [p]laintiff has stated a viable excessive force claim" as to his allegation that correctional officers "dragged him to the exercise yard") (emphasis in original); *Mario Alexander Courtney v. Henry*, 2021 WL 2349334, at *3 (W.D. Ark. May 4, 2021), *report and recommendation adopted*, 2021 WL 2346013 (W.D. Ark. June 7, 2021) (allegation plaintiff was dragged forty feet survived initial review as to an excessive force claim). Accordingly, the Clerk of Court will be directed to serve process upon defendants Stewart and Koch in their individual capacity.

### Fourth Motion for Appointment of Counsel

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds the appointment of counsel is unwarranted at this time. The instant Memorandum and Order directs the Clerk of Court to issue process or

cause process to issue on the third amended complaint as to defendants Effan, Griffin, Stewart, and Koch in their individual capacities. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. The Court does not anticipate that further investigation into the facts surrounding her medical lay-in, fall, and subsequent treatment, outside of normal discovery, would be necessary for plaintiff to present her case. Thus, the Court will deny plaintiff's motion for appointment of counsel, but will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue on the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendants C.O. I Unknown Effan, C.O. I Unknown Griffin, Cpt. Unknown Stewart, and C.O. II Unknown Koch in their individual capacities.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against defendants Lizz Unknown, Amy Maxwell, and Trent Unknown in their individual capacities are **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that plaintiff's fourth motion for appointment of counsel [ECF No. 16] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, on the Court's own motion, the Clerk of Court shall amend the docket sheet to change defendant "Unknown Effam" to "Unknown Effan" and change the short caption in this case to "*Kinsey v. Unknown Effan.*"

**IT IS FURTHER ORDERED** that an appeal of this Memorandum and Order shall not be taken in good faith.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 20th day of October, 2022.

                                                                            _____
                                                                            STEPHEN N. LIMBAUGH, JR.
                                                                             SENIOR UNITED STATES DISTRICT JUDGE