UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| FRANKLIN KINSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:22-CV-65 ACL |
| | ) |
| DYLAN EFFAN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants Dalton Griffin, Daniel Koch, Donald Stewart, and Dylan Effan's motion to dismiss the third amended complaint. ECF No. 28. Plaintiff Franklin Kinsey filed a response, ECF No. 29, and defendants filed a reply, ECF No. 31. The motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c). For the reasons discussed below, the Court will grant the motion as to defendants Stewart and Koch, and deny the motion as to defendants Effan and Griffin.

**Background and Third Amended Complaint**

On May 16, 2022, self-represented plaintiff Franklin Kinsey[1] filed a four-page letter directed to "whom it may concern." ECF No. 1. The letter alleged various Eighth Amendment violations and appeared to be an attempt by plaintiff to initiate a prisoner civil rights complaint under 42 U.S.C. § 1983. The Court reviewed the letter and provided plaintiff with an opportunity to submit her allegations on a proper complaint form. ECF No. 4.

---

[1] Plaintiff identifies as a trans-woman. ECF No. 1 at 3. Thus, the Court will use the pronouns "she" and "her" when appropriate.

On June 23, 2022, plaintiff submitted an unsigned amended complaint on a Court-provided form against seven defendants in their official capacities only. ECF No. 5. The amended complaint related to incidents that occurred while plaintiff was an inmate housed at the Southeast Correctional Center ("SECC"). In the section designated to provide a statement of claim, plaintiff did not provide any allegations against the named defendants. Instead, a fellow inmate, Mr. Lamont Williamson, wrote a message to the Court asking for plaintiff to be appointed counsel. Attached to the amended complaint was a one-page document in which plaintiff stated she "did not have any partaking in the prepar[]ing[,] drafting[,] or writing" of the complaint "other than [to] explain and answer Mr. Williamson's questions" about her education, experience, awareness of staff members' names, and financial information. *Id.* at 14.

On July 19, 2022, the Court reviewed the amended complaint pursuant to 28 U.S.C. § 1915. ECF No. 10. The Court determined the amendment was defective because plaintiff did not sign the section designated to declare under penalty of perjury that her allegations were true and correct, and she represented she did not participate in preparing, drafting, or writing the amended complaint. Consequently, plaintiff was directed to submit a second amended complaint with her signature and a proper statement of claim if she wished to proceed with the litigation.

On August 8, 2022, plaintiff filed a signed and dated second amended complaint against seven employees of the Missouri Department of Corrections ("MDOC"): (1) C.O.I. Effan; (2) C.O.I. Griffin; (3) Nurse Lizz; (4) Nurse Amy Maxwell; (5) Nurse Trent; (6) Cpt. Stewart; and (7) C.O.II Koch. ECF No. 13. Plaintiff indicated she was suing Effan and Griffin in their official capacities, however, did not specify what capacity she intended to sue the remaining defendants. Plaintiff alleged she fell down the stairs on April 28, 2022, and then was transported to medical on a backboard. Plaintiff claimed she had a bottom walk restriction due to seizures, but Effan failed

2

to comply with the medical limitation. Plaintiff further asserted that Nurses Lizz, Amy, and Trent failed to properly assist her with her medical needs, and Koch and Stewart dragged her back to her cell. After the receipt of an X-ray, plaintiff was told she had a bruised and swollen tendon. She was provided with a wheelchair and an ace wrap. For relief, plaintiff sought transfer to a different institution and monetary damages.

On September 19, 2022, the Court reviewed plaintiff's second amended complaint and found it was again subject to dismissal. ECF No. 14. The Court explained her official capacity claims against defendants were actually against their public employer, the MDOC, which was not considered to be a suable "person" under § 1983. Although plaintiff did not sue defendants in their individual capacities, the Court provided plaintiff with one final opportunity to amend her complaint.

On September 30, 2022, plaintiff filed her third amended complaint against the same seven defendants. ECF No. 15. Plaintiff indicated she was suing them in their individual capacities only. Plaintiff explained she was diagnosed with epilepsy and, as a result, was granted a bottom walk lay-in limiting her to the lower floor of the institution.[2] Plaintiff alleged that on April 28, 2022, she was escorted to the top walk shower despite telling defendant Effan about her medical lay-in. After the shower, defendant Griffin attempted to escort plaintiff back to her cell. Plaintiff told Griffin she was feeling weak and dizzy, but Griffin continued to take her down the stairs. Plaintiff asserts defendant Griffin knew she was not to be on the second floor. Plaintiff claims she blacked out, fell down the steps, and was taken to medical where she was not sufficiently assessed by the three defendant nurses. Plaintiff then alleges she told defendants Koch and Stewart that she could

---

[2] Attached to the third amended complaint is plaintiff's medical lay-in documentation. ECF No. 15-1. It reflects a start date of October 7, 2021 and an end date of October 7, 2022. *Id.* at 9-10. The restrictions include, "no high places or use of ladders" and "requires lower floor." *Id.*

3

not walk, and they responded by dragging her "across [the] SECC campus" back to her cell. For relief, plaintiff seeks monetary punitive damages.

On October 20, 2022, the Court reviewed plaintiff's third amended complaint. ECF No. 18. The Court found plaintiff's deliberate indifference allegations against defendants Effan and Griffin, and the excessive use of force claims against defendants Stewart and Koch, survived initial review. Consequently, the Court directed the Clerk to issue process or cause process to issue on the third amended complaint as to defendants Effan, Griffin, Stewart, and Koch in their individual capacities only. The Court, however, dismissed plaintiff's claims against defendant nurses Lizz, Amy, and Trent for failure to state a claim.

On January 30, 2023, defendants Griffin, Koch, Stewart, and Effan filed the instant motion to dismiss plaintiff's third amended complaint. ECF No. 28. Defendants argue dismissal is appropriate for two reasons: (1) plaintiff has failed to state a claim for deliberate indifference and cannot overcome Effan and Griffin's qualified immunity; and (2) plaintiff has failed to exhaust her administrative remedies to bring an excessive use of force claim against Koch and Stewart.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A plaintiff need not provide specific facts in support of her allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but must include sufficient factual information to provide the "grounds" on which the claim rests, and "to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555, 597 n.3. *See also Schaaf v. Residential*

4

*Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (quoted case omitted). On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56; Fed. R. Civ. P. 8(a)(2).

## Discussion

### A. Individual Capacity Claims against defendants Effan and Griffin

Defendants argue plaintiff has failed to properly plead a deliberate indifference claim against Effan and Griffin because she has not established an objectively serious threat of harm that defendants subjectively disregarded. Although plaintiff alleges she was restricted to the lower floor due to a medical lay-in and informed defendants Effan and Griffin of the limitation, they contend the third amended complaint falls short because plaintiff did not assert they knew she had epilepsy and knew there was a high risk of her becoming unconscious while ascending or descending the stairs. *See* ECF No. 28 at 5. Defendants also point to the IRR Response in which the MDOC determined plaintiff had previously informed staff that she was comfortable utilizing both the bottom and top walk showers.

To establish a claim of deliberate indifference, plaintiff "must prove an objectively serious medical need and that prison officials knew of the need but deliberately disregarded it." *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 531-32 (8th Cir. 2009); *see also Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997); *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The second part of the

test requires plaintiff to prove that the prison official was more than negligent. *Alberson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2006).

In the instant case, plaintiff alleges defendants Effan and Griffin disregarded her medical lay-in order and required her to ascend and descend a staircase to take a shower. There is no dispute that plaintiff was issued a medical lay-in order on October 7, 2021, which was effective on the date the alleged injury occurred. There also appears to be no dispute about the contents of the order, which limit plaintiff to "no high places or use of ladders" and "requires lower floor." *See* ECF No. 15-1 at 9-10. Plaintiff alleges that she told Effan and Griffin about her medical lay-in, and further informed Griffin that she was feeling "weak and dizzy" but he required her to attempt to descend the stairs despite the warning of her condition. In her response to the instant motion to dismiss, plaintiff claims that she informed defendants she was an epileptic patient and that "medical" informed them of the risks. Despite the conclusion of the IRR that plaintiff "informed staff on more than one occasion [she] didn't mind going to either shower, whether it be top or bottom walk," plaintiff appears to dispute that conclusion by filing a subsequent Grievance and Grievance Appeal, insisting she was diagnosed with epilepsy and was forced to use the top walk shower.

At this stage of the litigation, the Court finds plaintiff has adequately pled an Eighth Amendment claim of deliberate indifference against Effan and Griffin. Whether they knew or did not know her specific diagnosis and the risks associated with such diagnosis, and whether plaintiff conveyed to other correctional officers that she did not mind using the second floor shower, are questions of fact not appropriate for a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Thus, viewing the facts in the third amended complaint in the light most favorable to plaintiff, the Court finds plaintiff has alleged sufficient factual matter, accepted as true, to state a facially

6

plausible deliberate indifference claim against defendants Effan and Griffin. All that is required is that plaintiff sets forth plausible facts that she is entitled to relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Defendants additionally argue they should be afforded qualified immunity. "Qualified immunity may protect government officials from liability under 42 U.S.C. § 1983, but not if their conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 527 (8th Cir. 2009) (en banc) (quotation omitted). The two-part test for whether an officer is entitled to qualified immunity are: (1) whether the facts alleged, taken in the light most favorable to the injured party, show that the officer's conduct violated a constitutional right; and (2) whether the constitutional right was clearly established at the time of the deprivation so that a reasonable officer would understand his conduct was unlawful. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Defendants Effan and Griffin are not entitled to qualified immunity because, as discussed above, factual issues exist as to whether they were deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment.[3] Additionally, the constitutional prohibition against a correctional officer's interference with medical treatment was clearly established at the time of the alleged violation. *See Hamilton v. Grubbs*, No. 4:14-CV-766-CEJ, 2017 WL 345581, at *7 (E.D. Mo. Jan. 24, 2017) (stating it is a clearly defined right for inmates to be able to continue a medically prescribed course of treatment without interference by a prison guard). *See also Gordon ex rel. Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006) (affirming denial of summary

---

[3] The facts may show, at a later juncture in the case, that defendants are entitled to qualified immunity. However, at this stage of litigation, the Court may only consider the facts as alleged by plaintiff and the Court must accept these facts as true.

judgment and qualified immunity where, *inter alia*, an official knew a prisoner had an objectively serious heart condition but nevertheless required the prisoner to climb stairs despite prisoner's lack of explicit medical documentation that he could not ascend stairs).

The Court will, therefore, deny defendants Effan's and Griffin's motion to dismiss as to plaintiff's claims against them.

### B. Individual Claims against defendants Stewart and Koch

Defendants Stewart and Koch argue plaintiff has failed to properly exhaust her administrative remedies as to the use of force claims against them as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Defendants point to the Informal Resolution Request ("IRR") plaintiff filed with the MDOC on May 17, 2022, which is attached to plaintiff's third amended complaint. *See* ECF No. 15-1 at 2-4. Plaintiff's IRR contains the same allegations as brought in the instant lawsuit.

The MDOC issued an IRR Response which stated, in pertinent part: "Your IRR has more than one listed complaint and therefore, the first will be the only complaint addressed. You have indicated that you have a bottom walk lay-in from medical and was taken to the top walk shower by staff." *Id.* at 1. The MDOC denied plaintiff's IRR because an investigation found she was not forced to use the top walk shower because she "informed staff on more than one occasion [she] didn't mind going to either shower, whether it be top or bottom walk." *Id.*

On July 6, 2022, plaintiff filed an Offender Grievance disputing the specific findings of the IRR Response. *Id.* at 6. Plaintiff's grievance only addresses the medical lay-in issue, and does not mention excessive force by Koch or Stewart. The MDOC denied plaintiff's Grievance stating, in pertinent part: "You are correct that you have a bottom walk lay-in. However, while under escort by staff, you can go up and down stairs. Staff are not violating any medical lay-in." *Id.* at 5. Plaintiff

8

appealed, and the appeal was denied. *Id.* at 7-8. Consequently, defendants argue that because the MDOC only addressed the alleged actions of defendants Effan and Griffin, plaintiff's excessive force claims against defendants Stewart and Koch have not been administratively exhausted.

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is "mandatory." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Jones v. Bock*, 549 U.S. 199, 219 (2007). To properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218 (2007). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

For a Missouri inmate to satisfy the exhaustion requirement, they must avail themself of the three-step process outlined in the MDOC Manual, under section D5-3.2, which requires an inmate to begin by (1) filing an IRR and if unsatisfied with the IRR response, the inmate must (2) file an offender grievance form within seven days after they sign the IRR response. If still unsatisfied after these first two steps, to fully exhaust their administrative remedies, the inmate must (3) file a grievance appeal. *See Missouri Dep't of Corr. Offender Rulebook*, 61-6.4.[4] Filing an IRR is "[t]he first attempt to resolve an offender's complaint through discussion between the offender and the appropriate staff with documentation of this attempt." *Toney v. Hakala*, 2012 WL 1185028, at *2 (E.D. Mo. Apr. 9, 2012). "Each IRR is limited to one grievable issue and should not be expanded to include other issues at any stage of the review process." *Id. See Wilson v.*

---

[4] The Court takes judicial notice of the Missouri Department of Corrections Offender Rulebook, publicly available at https://doc.mo.gov/sites/doc/files/media/pdf/2020/03/Offender_Rulebook_REVISED_2019.pdf. *See Stahl v. U.C. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("[A] district court may take judicial notice of public records and may thus consider them on a motion to dismiss.").

9

*Ferguson*, 2017 WL 2472892, at *2 (E.D. Mo. June 8, 2017) ("Each IRR is limited to one grievable issue.").

Plaintiff attaches to her complaint one IRR dated May 17, 2022. While this IRR complains of the alleged violation of her medical lay-in by defendants Effan and Griffin as well as the alleged excessive use of force by defendants Koch and Stewart, the MDOC limited its response to the medical lay-in issue only. The MDOC explained that an IRR may only list one complaint at a time and, as a result, it would only address the medical lay-in issue which was the first complaint she listed in her IRR. *See* ECF No. 15-1 at 1 ("Your IRR has more than one listed complaint and therefore, the first will be the only complaint addressed."). In response to the motion to dismiss, plaintiff provides a conclusory statement that she exhausted administrative remedies for all four defendants. She does not, however, assert she filed a second, separate IRR as to the excessive force issue after being informed that the MDOC would not adjudicate it within the same IRR addressing the medical lay-in issue.

Defendants Koch and Stewart have sufficiently established that plaintiff failed to exhaust the MDOC grievance procedures as to the excessive force claims against them prior to filing this lawsuit. Plaintiff failed to present proof that she exhausted the available remedies as to the excessive force claims. *See Haley v. Galloway*, 92 F. App'x 379, 380 (8th Cir. 2004). Accordingly, the Court finds plaintiff's excessive force claims against defendants Koch and Stewart have not been fully exhausted. The Court will, therefore, grant defendants Koch's and Stewart's motion to dismiss.

**Fifth Motion for Appointment of Counsel**

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*,

146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds the appointment of counsel is unwarranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court and timely respond to Court deadlines. Neither the factual nor the legal issues in this case appear to be so complex that plaintiff would be unable to pursue this action without the assistance of counsel. Once the remaining two defendants file their answers, the Court will issue a Case Management Order outlining discovery deadlines. At this stage of the litigation, the Court does not find that assistance of counsel is necessary. Thus, the Court will deny plaintiff's motion for appointment of counsel, but will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss as to defendants Dalton Griffin and Dylan Effan [ECF No. 28] is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss as to defendants Daniel Koch and Donald Stewart [ECF No. 28] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Daniel Koch and Donald Stewart are **DISMISSED** from this action. An Order of Partial Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff's fifth motion for appointment of counsel [ECF No. 30] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, on the Court's own motion, the Clerk of the Court is directed to amend the caption to substitute "Unknown Effan" with Dylan Effan; "Unknown Griffin" with Dalton Griffin; "Unknown Stewart" with Donald Stewart; and "Unknown Koch" with Daniel Koch as the named defendants. The Clerk of Court is further directed to amend the case caption and the short caption to reflect these substitutions.

**IT IS FURTHER ORDERED** that an appeal from this partial dismissal will not be taken in good faith.

Dated this 4th day of May, 2023.

                                                                       /s/ *Abbie Crites-Leoni*
                                                                       ABBIE CRITES-LEONI
                                                                       UNITED STATES MAGISTRATE JUDGE